**Frank TAYLOR, Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY.**

No. 02–3750.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) March 7, 2003.

Decided March 19, 2003.

Before ROTH, BARRY, and FUENTES, Circuit Judges.

## OPINION OF THE COURT

FUENTES, Circuit Judge.

Appellant Frank Taylor ("Taylor") appeals an Order of the U.S. District Court for the District of New Jersey, upholding the decision of the Commissioner of the Social Security Administration ("Commissioner") that Taylor was no longer entitled to disability insurance benefits under Title II of the Social Security Act as of October 31, 1995. Taylor contends that the District Court erred in concluding that the ALJ's findings were supported by substantial evidence.

The District Court exercised jurisdiction over Taylor's request for review of the Commissioner's denial of benefits pursuant to 42 U.S.C. § 405(g). Because the District Court's Order was a final judgment that disposed of all of the Parties' claims, we exercise jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291.

We review de novo the issue of whether the Commissioner's denial of benefits was supported by substantial evidence. *See Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir.1999) (stating that "[t]he role of this Court is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision.") Substantial evidence "does not mean a large or significant amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir.1999) (citing *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). "We will not set aside the Commissioner's decision if it is supported by substantial evidence, even if we would have decided the factual inquiry differently." *Hartranft*, 181 F.3d at 360 (citations omitted).

After a careful review of the record and the Parties' arguments, we find no basis for disturbing the District Court's thorough and well-reasoned opinion. Taylor argues to this Court that the ALJ violated the *Cotter* doctrine, which requires the ALJ to set forth the factual findings, including both accepted and rejected evidence, on which his or her decision is based. *See Cotter v. Harris*, 642 F.2d 700, 705–06 (3d Cir.1981). Taylor raised this same argument before the District Court. After conducting a comprehensive analysis of the evidence in the record, the District Court concluded that the ALJ properly relied on the reports of the physicians who examined Taylor and that the ALJ's decision was supported by substantial evidence. We agree with the District Court that the ALJ properly considered the physicians reports and adequately set forth the basis for his decision. Therefore, we

will affirm the judgment for substantially the same reasons set forth in the record.